## Commonwealth v. O'Neil

*Arthur W. Bean,* assistant district attorney, for Commonwealth.

*Fox & McTighe,* for defendant.

DANNEHOWER, J., November 17, 1937.—The defendant, Edward O'Neil, was indicted and tried before a jury on a single bill of indictment containing two counts, the first of which charged that the defendant did unlawfully attempt to dissuade, hinder, and prevent a witness, John Neafcy, from testifying before the court of quarter sessions in the case of Commonwealth v. John O'Neil; the said John Neafcy having been required to attend by virtue of a writ of subpœna. On this count, the Commonwealth failed to prove that the witness was ever subpœnaed, and the trial judge directed a verdict of not

guilty. The second count charged that defendant did attempt to dissuade, hinder, and prevent a witness, John Neafcy, from attending and testifying before the court, the said John Neafcy having been then and there recognized to attend as a witness on behalf of the Commonwealth. On this count, the jury rendered a verdict of guilty. These motions for a new trial and in arrest of judgment were filed, alleging the usual and customary reasons.

The testimony introduced by the Commonwealth revealed that one John O'Neil, a brother of this defendant, was arrested on the charge of establishing a gambling house. John Neafcy, who rented an apartment in the same building, was a Commonwealth's witness, but he did not appear or testify at the hearing before the magistrate, nor did his name appear on the transcript as a Commonwealth witness, nor was he placed under the usual $50 bond to appear and testify as a witness on behalf of the Commonwealth. A few days after the magistrate's hearing, John O'Neil, who had been held for court on the gambling charge, filed a writ of habeas corpus and at the hearing before the court on said writ, John Neafcy appeared as a Commonwealth witness and gave incriminating evidence against the defendant. Edward O'Neil was present at the habeas corpus hearing as a spectator, and heard John Neafcy testify against his brother, John O'Neil, who was held under bail for trial.

A short time thereafter, and before trial, John O'Neil made complaint charging John Neafcy with assault and battery. The warrant was given to his brother, Edward O'Neil, a constable, to serve. When Edward O'Neil was taking John Neafcy to the magistrate's for a hearing on the assault and battery charge he said: "Why don't you forget this other, and we will forget this. We are going to the justice of the peace's office. This is your last chance. We are going to ride you, whether you like it or not and nobody is going to stop us. You don't have to testify in this case, you can forget all about it and move away. You

can move away and I will help you move. It won't cost you anything." The defendant admitted that when he heard John Neafcy testify on behalf of the Commonwealth at the habeas corpus hearing, he "knew and supposed" that he would be called as a Commonwealth witness at the trial of his brother, John O'Neil, on the charge of maintaining a gambling house, but he denied that he had made such dissuading statements to John Neafcy.

The Act of March 31, 1860, P. L. 382, sec. 11, 18 PS §381, under which the defendant was indicted, provides as follows:

"If any person shall unlawfully dissuade, hinder or prevent, or attempt to dissuade, hinder or prevent any witness from attending and testifying, who may have been required to attend and testify either before any committee of the legislature of this state, or before any civil or criminal court, judge, justice or other judicial tribunal thereof, by virtue of any writ of subpœna or other legal process, or who may have been recognized to attend as a witness on behalf of the commonwealth or of any defendant, before any court having jurisdiction, to testify in any case depending or about to be tried in such court, any person so offending shall be guilty of a misdemeanor, and being thereof convicted, shall be sentenced to pay a fine not exceeding five hundred dollars, and undergo an imprisonment not exceeding one year."

The question for decision is whether John Neafcy was recognized to attend as a witness on behalf of the Commonwealth, within the meaning of this statute.

The Commonwealth admits that said witness was never subpœnaed or put under bond to appear as a witness on behalf of the Commonwealth, but contends that the word "recognized" as used in the act means "to know", and that the defendant knew and admitted that John Neafcy was to appear as a Commonwealth witness against his brother, who was charged with gambling.

The defendant contends that "recognized" as used in the act means to enter into a recognizance, an obligation

of record, and in order to support a conviction, the Commonwealth must prove that John Neafcy had entered or been held under a recognizance conditioned for his appearance at the trial as a Commonwealth witness.

In construing the phrase "or who may have been recognized to attend as a witness" it must be borne in mind that penal statutes must be construed strictly, and not enlarged by implication or intendment beyond the fair meaning of the language used. In order to enforce a penalty against a person, he must be brought clearly within the spirit, as well as the letter, of the statute, and if there is a fair doubt as to whether the act charged is embraced in the prohibition, that doubt is to be resolved in favor of defendant. The word "recognized" is given various significations by lexicographers and has been generally defined as meaning "to acknowledge, to admit, to know", but in its legal sense it means an obligation of record entered into before a court or other officer conditioned for the performance of some particular act required by law; a debt of record: Commonwealth v. Emery, 2 Binney 431; 2 Lewis' Blackstone's Commentaries 341.

We are of the opinion, therefore, that when the legislature used the words in the penal statute, "recognized to attend as a witness", it meant, and a fair construction warrants, that the witness had entered into an obligation or undertaking of record to appear as a witness. Since John Neafcy had not entered into a recognizance to appear as a Commonwealth witness, the conviction was against the evidence and the law, and a new trial must be granted.

We agree with the finding of the jury that the defendant did attempt to dissuade, hinder, and prevent the witness from testifying against his brother, and that defendant's conduct was bad, because it strikes at the source of the administration of the law. Since the Commonwealth, at a new trial, will be unable to prove that the witness had entered into a recognizance to attend as its

witness, we regret upon proper motion that the court must allow a nolle pros.

The evidence in the case forms no part of the record within the rule that a motion in arrest of judgment can be based only on matters of record, and hence defects which appear only by the aid of evidence cannot be the subject of such a motion.

And now, November 17, 1937, for the foregoing reasons, defendant's motion for a new trial is granted, and the motion in arrest of judgment is refused.